**WOODLEY PETROLEUM COMPANY and Kirby Petroleum Company, Appellants,**

v.

**E. B. BUMPASS and wife, Tinah H. Bumpass, Appellees.**

No. 15025.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1955.

Jay R. Jameson, Abilene, Tex., Cooper K. Ragan, Houston, Tex., Jean M. Worsham, Houston, Tex., Jameson, Whitten & Harrell, Abilene, Tex., for appellants.

Joe E. Childers, Roy L. Duke and Childers & Childers, Abilene, Tex., for appellees.

Before HOLMES and TUTTLE, Circuit Judges, and ALLRED, District Judge.

HOLMES, Circuit Judge.

The appellees were plaintiffs and the appellants defendants in this suit, which was originally filed in a state court of Texas and, on petition of defendants, was removed to the federal court. The suit was originally for damages for defendants' failure reasonably to develop, and to drill an offset well on, 170 acres of land in Jones County, Texas, under the terms of an oil and gas lease covering the tract of land in question. The appellees were the owners of the miner-

als, and were entitled to receive all royalties under said lease, the appellants being the owners of the working interest. The case was submitted to the court without a jury.

Upon the trial, at the conclusion of the evidence, the court made its pronouncement of a finding in favor of the plaintiffs, and indicated that it was about to give judgment for the plaintiffs, when the defendants' attorney asked the court if it would "entertain a tender *now* at this point." The court said: "Yes, we will entertain a tender of 70 acres down there." Then followed a discussion between the court and the attorneys for both sides, which concluded with an agreement, concurred in by all parties, that the plaintiffs would amend their pleadings and the court would enter a judgment in accordance with the agreement. The attorney for defendants took pains to stipulate that this judgment should be in lieu of any damages, except that the costs of the suit should be assessed against the defendants.

The pleadings were amended by the plaintiffs without delay, but in the preparation of the judgment some disagreement arose between the parties as to its exact terms, which was settled by the court, and judgment was entered in accordance with its interpretation of the consent order made by the court at the conclusion of the trial. This judgment was entered on October 22, 1953. On October 31st, the defendants made a motion for a new trial, which was overruled, and notice of appeal was filed by defendants on December 31, 1953. On application of appellants, the court extended for 90 days the time for filing the record and docketing the appeal, the said 90 days to run from December 31, 1953.

The appellees have moved to dismiss this appeal on several grounds, which we think are not well taken, except perhaps the one with reference to the judgment appealed from having been rendered by consent of the parties in open court, in which event it cannot be reviewed on appeal, but can only be set aside by an original bill in the nature of a bill of review. This motion was heard and submitted at the same time that the appeal on the merits was taken for decision by the court; and, since one of the grounds for dismissal is the same as one of the reasons urged by appellees on the merits for an affirmance of the judgment appealed from, in the interest of justice, which is to bring litigation to an end, we shall pretermit a ruling on the motion to dismiss, and proceed at once to a decision of the case on its merits.

The record shows plainly that, after a plenary hearing on the merits, the lower court was about to render a decision against appellants, which event was interrupted by the latter's tender of a release of some of the acreage involved. After a brief colloquy between the court and attorneys on both sides, about 80 acres were agreed upon, the court identifying the acreage to be released to the satisfaction of all parties. The appellants' attorney said: "That is satisfactory with the defendant." The court said, evidently talking to the plaintiffs' attorneys: "All right, amend your pleading to that effect, and we will grant you a judgment restoring you the 80 acres of the land, not to include any of the wells." Mr. Childers, plaintiffs' attorney, asked: "80 acres?" The court said: "Yes." Mr. Jameson suggested: "Keep 10 acres around the Gunsite proration." The court: "Yes, keep 10 acres around any producing well." Mr. Jameson, defendants' attorney: "Down to that producing depth?" The court: "Yes, that is right. If you have got something there, plaintiff, why, you are all right. If you haven't got anything, you haven't lost anything."

The minds of the parties apparently met, because the agreement was clear and certain and, as above stated, the plaintiffs amended their pleadings as requested by the court, judgment being entered according to its interpretation of the agreement, which we think was entirely correct.

The judgment appealed from should be affirmed.

Affirmed.